IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **REGINALD DARNELL MCDONALD,** #23008318, PETITIONER, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:23-CV-2802-X-BK |
| **DALLAS COUNTY SHERIFF,** RESPONDENT. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate. Upon review, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for want of prosecution.

On December 21, 2023, the Court issued a deficiency order, directing Petitioner to file a petition for writ of habeas corpus and pay the $5.00 filing fee or submit a motion to proceed *in forma pauperis*. Doc. 5. The deadline for Petitioner's response was January 19, 2024. As of the date of this recommendation, however, Petitioner has not responded to the Court's deficiency order, nor has he sought an extension of time to do so. In addition, on January 11, 2024, the deficiency order, which the Clerk of the Court had mailed to him at the Dallas County Jail, was returned as undeliverable because Petitioner is no longer confined there. Doc. 7 at 1. Petitioner has not provided a current address as of the filing of this recommendation. *See* Doc. 2 (Instructions to pro se party advising: "You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case.").

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has been given ample opportunity to respond to the Court's directives. He has impliedly refused or declined to do so. Consequently, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

**SO RECOMMENDED** on January 26, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).